UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOULEMANE DIOUMASSY,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-04174 (VC)<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Soulemane Diomassy, a citizen of Central African Republic, was detained by U.S. Immigration and Customs Enforcement pursuant to 8 U.S.C. § 1226(c)(1)(E)—a statute which mandates detention for certain categories of noncitizens arrested or convicted of any crime "result[ing] in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii). Petitioner does not challenge the applicability of § 1226(c)(1)(E) to his current detention. *See* Dkrt. No. 10 at 5. Rather, he argues that his continued detention without a bond hearing violates due process. *Id*; Dkt. No. 1 ¶¶ 29–39. For the reasons that follow, the Court finds that Petitioner's detention without bond does not raise constitutional concerns at this juncture, and denies the petition.

## I. BACKGROUND

Petitioner first entered the United States in 2003 and subsequently applied for asylum. *See* Dkt. No. 9 at 15–16. Records submitted by Respondents indicate that this application was denied. *Id*. at 16. Following this denial, Petitioner remained in the United States, filing several different applications for immigration relief. *Id*. Currently, he has a pending petition for

admission to the United States as a beneficiary under the Violence Against Women Act. *See* Dkt. No. 1 ¶ 18; Dkt. No. 9 at 15. He also alleges that his wife—who is a U.S. citizen—filed a petition for relief as a relative alien on Petitioner's behalf several weeks ago. Dkt. No. 10 at 2.

On August 11, 2025, Petitioner was convicted of careless driving resulting in death and received a five-year deferred sentence. Dkt. No. 9 at 17. The events leading to this conviction occurred in 2024 while Petitioner was working as a commercial truck driver. Dkt. No. 10 at 2. While driving, Petitioner attempted to pass another truck, swerved into the northbound shoulder of the highway, and struck another vehicle, killing the driver. Dkt. No. 10-1 at 1–8. As Petitioner had no criminal record prior to these events, and had accepted responsibility for the accident, the court ordered only two days of jail time and issued a deferred sentence placing Petitioner on supervised probation and requiring that he complete community service hours over the next five years. *Id*. at 16–18.

U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner on February 27, 2026 while he was attending a probation appointment at the Florida Department of Corrections-Probation Office in Lakeland, Florida. Dkt. No. 9 at 15. He was subsequently served with a Notice to Appear placing him in removal proceedings under section 240 of the Immigration and Nationality Act. *Id*. at 19. According to the EOIR Automated Case Information page, his next hearing is scheduled for August 27, 2026. *See* https://acis.eoir.justice.gov/en/caseInformation (last visited August 12, 2026). This petition for relief followed.

## II. DISCUSSION

The petition raises an as-applied, procedural due process challenge to the constitutionality of Petitioner's detention without the opportunity for a bond hearing. Dkt. No. 1 ¶¶ 46–49. In *Demore v. Kim*, the Supreme Court found that § 1226(c)'s mandatory detention scheme was facially constitutional. 538 U.S. 510, 531 (2003). However, it did so with the understanding that detention in these circumstances is relatively "brief," "last[ing] roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the alien chooses to appeal." *Id*. at 530. Later, in *Nielsen v. Preap*, the Supreme Court recognized the right

to bring as-applied constitutional challenges to detention under § 1226(c), explaining that its "decision today on the meaning of that statutory provision [8 U.S.C. § 1226(c)] does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." 586 U.S. 392, 420 (2019).

Since *Nielsen*, Judges have reached different conclusions about what standards ought to govern as-applied challenges to mandatory detention under § 1226(c), with factors such as the length of detention, whether the detention is likely to continue, and the reasons for the delay among items considered amongst the plethora of different balancing tests. *See generally Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, Case No. 1:24-cv-00919, 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) (summarizing precedents), *appeal dismissed sub nom. Keo v. Warden*, No. 25-3546, 2025 WL 2528945 (9th Cir. June 27, 2025). Under any standard, however, the record at this stage does not support Petitioner's due process claim.

Petitioner has been in custody for just over five months, which is just at the tail end of the length of detention the Supreme Court presumed in *Demore*. He offers no evidence that the government has been the cause of any delay in his removal proceedings since they were initiated at the start of his detention. *Cf. Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207-08 (9th Cir. 2022) (citing *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063-65 & n.9 (9th Cir. 2013), for the proposition that detention is not "unconstitutionally indefinite" when "prolonged by a challenge" to removal proceedings, "and distinguishing a case in which the government made an 'unusual move' that delayed resolution"). Further, there is no evidence in the record suggesting that ICE was made aware of Petitioner's conviction in 2024 or 2025 and chose not to detain him at that time, thus creating a liberty interest in his continued freedom. And although he contends that his removal proceedings are likely to extend well beyond this five-month period in light of his VAWA application and application for alien relative status, the court cannot grant relief based upon the possibility that Petitioner's detention may become unconstitutionally prolonged at some point in the future.

As Petitioner's detention has just surpassed five months, and there is no evidence at this

juncture that delay in his removal proceedings has been caused by Respondents, Petitioner's constitutional claim cannot prevail at this time regardless of precisely what legal standards the court adopts. *Accord Keo*, 2025 WL 1029392, at *6–8 (concluding that twenty-two-month detention under § 1226(c) did not violate due process); *Oth v. Chestnut*, No. 1:25-cv-01367, 2026 WL 323053, at *5–8 (E.D. Cal. Feb. 6, 2026) (concluding that fourteen-month detention under § 1226(c) did not violate due process); *Daley v. Andrews*, No. 1:25-CV-00922,2026 WL 101840 (E.D. Cal. Jan. 14, 2026) (concluding that seventeen-month detention under§ 1226(c) did not violate due process).

For these reasons, the petition is DENIED. This Order does not preclude Petitioner from filing a petition for a writ of habeas corpus in the future after a longer period of detention and his removal proceedings have progressed further.

The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

**IT IS SO ORDERED.**

Dated: August 17, 2026

VINCE CHHABRIA
United States District Judge